Receipt Number
55/819

14

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**Brenda S. Gronefeld,**

    Plaintiff,

v.

**CVS/Pharmacy**, a domestic profit
Corporation, and **Robert King,**
Individually and in his professional
Capacity, jointly and severally,

    Defendant.

Case: 2:06-cv-15448
Assigned To: Duggan, Patrick J
Referral Judge: Whalen, R. Steven
Filed: 12-08-2006 At 03:14 PM
CMP GRONEFELD V. CVS/PHARMACY ET AL
(JTC)

_____/

REX A BURGESS PLC
Attorney for Plaintiff
By:   Rex A Burgess P42779
       Heidi T Sharp P69641
15985 Canal Road
Clinton Township, MI 48038
(586) 226-2627
rex@rexburgess.com

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Brenda S. Gronefeld, by and through her attorneys, REX A BURGESS PLC, states for her claim against CVS/Pharmacy and Robert King, the following:

1. At all times relevant hereto, Plaintiff Brendan Gronefeld was employed by Defendant CVS/Pharmacy.

2. At all times relevant hereto Defendant CVS/Pharmacy owned and operated a business, at multiple locations, throughout the state of Michigan including a Warren Store at approximately 13 mile road and Hayes, and a Harper Woods store at approximately Kelly Road and 8 mile road.

3. From approximately January 2006 thru approximately March 12, 2006 Robert King was Plaintiff's supervisor at the Harper Woods CVS/Pharmacy location.

4. This court has jurisdiction pursuant to the Americans with Disabilities Act 42 U.S.C. 12101 *et seq.*. This court also has supplemental jurisdiction over the state claims pursuant to 28 USC 1367 because they arise out of the same facts and circumstances.

**General Allegations**

5. Plaintiff had been an employee of Defendant CVS/Pharmacy (CVS) since November 1996.

6. She worked for five years as a cashier/clerk and then was promoted to shift supervisor as a full-time employee.

7. As a full-time employee Plaintiff receives hourly pay, benefits, and sick pay.

8. Plaintiff has spinal stenosis, a degenerative disease of the spinal cord which causes her pain and some difficulty moving.

2

9. Despite her disability, Plaintiff is able to do all of the functions of her position, yet sometimes slower than other employees.

10. Plaintiff has always been an excellent employee for CVS, on time and ready to work.

11. On or about December 21, 2005 Plaintiff reported to work as scheduled and opened the Warren CVS store.

12. That day, Plaintiff's District Manager Alison Osegueda came to the store for a routine walk through of the store.

13. When Osegueda saw Plaintiff using a cane to walk, which is sometimes necessary for stability due to her spinal stenosis, Osegueda told the Store Manager Paul Ditrapani to send Plaintiff home for the day.

14. The Store Manager told Plaintiff that Osegueda had said that Plaintiff could not come back to work until she could walk without a cane.

15. Plaintiff was told by the Store Manager, Ditrapani, that Osegueda had said that Plaintiff was not allowed to work if she had to use her cane to walk because she was a liability.

16. On December 24, 2005 Plaintiff was again scheduled to work and because she would still need to use her cane to walk while at work she got a doctor's note to take the next several days as sick days to avoid being disciplined for having to use her cane at work.

17. After this, Plaintiff was informed that she was being transferred to a different CVS location. The new location was at 7 Mile road and Kelly

3

road (Harper Woods) and was a much larger (size) store than the Warren store she had been working at.

18. On or about January 6, 2006 Plaintiff called her new store manager, Bob King, at the Harper Woods store to explain her disability and to get her work schedule hours.

19. King told Plaintiff that she was a menace, and that there would be no way she would be able to work at that location.

20. Plaintiff told Ditrapani what was said by King, and Ditrapani told her that the company no longer wanted Plaintiff working for it because it considered her liability because of her disability.

21. On or about January 9, 2006, Plaintiff called Wayne Melton, CVS Human Resources Business Partner in Plaintiff's store's district and requested that she be transferred back to the Warren store because the larger store made it harder for her to do her job since she walked slowly, that she be allowed to use her cane as necessary and that she be able to continue on the same schedule as she had had for the last several years.

22. Plaintiff was not transferred back to the Warren store, she was nto able to continue on her regular schedule, and she was required to get a doctor's note stating that she had to use her cane for stability to walk sometimes.

23. On or about January 11, 2006 Plaintiff reported to work at the Harper Woods store and requested an assignment from the Store Manager, Bob King.

24. After working on stocking shelves for 2-3 hours, King came to Plaintiff's work area and began screaming at her. He told her to move faster, and that she had to move as fast as he told her to move.

25. He continued yelling at the Plaintiff and threatened to discipline her.

26. This was just the beginning of constant harassment and degradation by King to the Plaintiff.

27. He would call her names, yell, scream, harass and threaten her because of her disability and sometimes inability to move as quickly as he wanted.

28. On or about February 27, 2006 the Plaintiff went to the back of the store to take the trash out. King was at the back of the store, and told the Plaintiff "You're a fucking useless piece of shit, that's why I'm a manager and you're not."

29. Plaintiff told Pat, the store's assistant manager about King's statement, and Pat said that he would take care of it, but nothing was done.

30. On March 10 and 11, 2006 Plaintiff was sick and called in to work sick. As a full-time employee, Plaintiff receives sick pay for the days she is scheduled, but unable to work because of sickness.

31. After King was told that Plaintiff was sick on those days, he called the Human Resources Department and requested that Plaintiff not receive her sick pay benefits for those two days.

32. Although some employees sick pay benefits are not paid after the employee takes significant absences, this was not the case with Plaintiff, and this step was taken without warning, discipline or other notice to the

Plaintiff but only at the request of King who had been continually harassing the Plaintiff already.

33. When the Plaintiff spoke to King about her benefits, he alleged that Wayne Melton, Human Resources personnel, stated that he had put a stop on all her benefits because Plaintiff was a pain in the ass and a menace to the company.

34. On March 12, 2006 Plaintiff was transferred back to Warren CVS location.

35. She was told by the Assistant Manager, Keith, at the Harper Woods location that since King couldn't break her and get her to quit, and he didn't want her to work in his store anyway she was transferred back to the other store.

36. Keith also told the Plaintiff that King had been instructed by Osegueda to make it hateful for Plaintiff to work at the Harper Woods store so she would quit.

37. Plaintiff made a Complaint to the Equal Employment Opportunity Commission on May 23, 2006 for disability discrimination.

38. On September 9, 2006 she was issued a right to sue letter by the EEOC.

## COUNT I – ADA DISCRIMINATION

39. Plaintiff incorporates by reference all preceding paragraphs.

40. Plaintiff is a person within the meaning of Section 101(7) of the Americans With Disabilities Act (ADA), 42 USC 12111(7) and § 701 of Title VII of the Civil Rights Act of 1964, 42 USC 2000e.

41. Defendant meets all of the requirements for employer status under the ADA. 42 USC 12111(5)(a).

42. At all relevant times, Plaintiff was an individual with a disability within the meaning of Section 3(2) of the ADA. 42 USC 12102(2).

43. Specifically, Plaintiff has a physical impairment that substantially limits one or more of her major life activities, has a record of the impairment, and is regarded by the Defendant as having the impairment.

44. Plaintiff is a qualified individual with a disability as that term is defined in ADA, 42 USC 12111(8).

45. Plaintiff is an individual who with reasonable accommodation can perform the essential functions of her job as a shift manager at the Defendant's facilities.

46. Defendant refused to accommodate the Plaintiff by allowing her to use a cane, back brace, or other implements which assist her in stability and ambulating and to continually assign her to the Warren store, a smaller facility.

47. Defendant's failure to make reasonable accommodations for Plaintiff constitutes discrimination against the Plaintiff in respect to the terms and conditions or privileges of employment.

48. This conduct constitutes a violation of the ADA. 42 USC 12.112(b)(5)(A).

49. Defendant conducted itself with malice or with reckless indifference to the Plaintiff's federally protected rights.

50. As a direct and proximate result of Plaintiff's discrimination on the basis of disability, Plaintiff has suffered lost wages, benefits, and loss of employment opportunities.

51. In addition, Defendant's failure to make reasonable accommodations to the Plaintiff has caused or continues to cause Plaintiff to suffer substantial damages for pecuniary losses, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

52. Plaintiff requests this Court enter a judgment against the Defendants for the following:

   A. An Order awarding Plaintiff compensatory damages in an amount to be determined at trial in this matter.

   B. An injunction prohibiting any further acts of retaliation or harassment;

   C. An Order of this Court awarding Plaintiff punitive damages in an amount to be determined at the trial of this matter.

   D. An award to Plaintiff of attorney fees, costs of litigation, and interest.

   E. An Order of this Court granting Plaintiff further relief that it deems just and equitable.

8

F.  Any other equitable relief that appears appropriate at the time of trial.

## COUNT II – HOSTILE WORK ENVIRONMENT

53. Plaintiff incorporates by reference all preceding paragraphs.

54. Plaintiff was subjected to harassment, intimidation, and threats because of her disability and request for reasonable accommodation.

55. King was Plaintiff's direct supervisor and an agent of Defendant CVS.

56. Plaintiff reported King's threats and behavior to management personnel but her complaints were ignored.

57. King knew that Plaintiff was exercising her rights under the Americans with Disabilities Act, as she had called him before she was transferred to his store and explained her condition.

58. King's harassment and threats created a hostile work environment for Plaintiff because King continually threatened her job and treated her differently than other employees in the hopes that she would quit her position.

59. King took adverse employment action against Plaintiff but assigning her less desirable and demeaning tasks, tasks which were meant for stock persons and not a shift supervisors as she was.

60. Plaintiff's mistreatment and harassment was casually connected to her disability and asserted rights under the ADA.

9

61. As a direct and proximate result of Defendants' illegal conduct, wrongful acts and omissions Plaintiff has suffered loss of earnings, loss of earning capacity and fringe benefits, suffered mental anguish, physical and emotional distress, humiliation, embarrassment, and loss professional reputation.

62. Plaintiff requests this Court enter a judgment against the Defendants for the following:

   A. An Order awarding Plaintiff compensatory damages in an amount to be determined at trial in this matter.

   B. An injunction prohibiting any further acts of retaliation or harassment;

   C. An Order of this Court awarding Plaintiff punitive damages in an amount to be determined at the trial of this matter.

   D. An award to Plaintiff of attorney fees, costs of litigation, and interest.

   E. An Order of this Court granting Plaintiff further relief that it deems just and equitable.

   F. Any other equitable relief that appears appropriate at the time of trial.

**COUNT III – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

63. Plaintiff incorporates by reference all preceding paragraphs.

64. Defendant King's extreme and outrageous behavior of threatening, harassing and terrorizing Plaintiff went beyond all reasonable bounds of decency.

65. Defendant King's extreme and outrageous behavior was intended toward Plaintiff and reckless.

66. Defendant CVS knew of King's outrageous behavior, allowed it to continue and did nothing to stop his harassment and terrorizing of Plaintiff.

67. Defendant's extreme and outrageous behavior has caused Plaintiff considerable emotional distress.

68. As a direct and proximate result of Defendant King's extreme and outrageous intentional conduct, Plaintiff has suffered severe mental anguish, physical and emotional distress, humiliation and embarrassment and a loss professional reputation.

69. Plaintiff requests this Court enter a judgment against the Defendants for the following:

    A. An Order awarding Plaintiff compensatory damages in an amount to be determined at trial in this matter.

    B. An injunction prohibiting any further acts of retaliation or harassment;

    C. An Order of this Court awarding Plaintiff punitive damages in an amount to be determined at the trial of this matter.

D.	An award to Plaintiff of attorney fees, costs of litigation, and interest.

E.	An Order of this Court granting Plaintiff further relief that it deems just and equitable.

F.	Any other equitable relief that appears appropriate at the time of trial.

Dated: December 7, 2006

Respectfully Submitted,

REX A BURGESS PLC
Attorney for Plaintiff

*/s/ Heidi Sharp*

Rex A Burgess P42779
Heidi T Sharp P69641
15985 Canal Road
Clinton Township, MI 48038
(586) 226-2627

### Jury Demand

Plaintiff requests a jury in the above-captioned matter.

Respectfully Submitted,

REX A BURGESS PLC

*/s/ Heidi Sharp*

Rex A Burgess P42779
Heidi T Sharp P69641

JS 44 (Rev. 11/04)          **CIVIL COVER SHEET**    County in which this action arose _Macomb_ ✓

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Brenda Gronefeld

### DEFENDANTS
CVS/Pharmacy
Robert King

**(b)** County of Residence of First Listed Plaintiff   Macomb
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Throughout United States
(IN U.S. PLAINTIFF CASES ONLY)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
REX A BURGESS PLC
15985 Canal Road, Clinton Township MI 48038 (586) 226-2627

Case: 2:06-cv-15448
Assigned To: Duggan, Patrick J
Referral Judge: Whalen, R. Steven
Filed: 12-08-2006 At 03:14 PM
CMP GRONEFELD V. CVS/PHARMACY ET AL
(JTC)

### II. BASIS OF JURISDICTION (Select One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Select One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Access to Justice |
| ☐ 290 All Other Real Property | ■ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

_446_

### V. ORIGIN (Select One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC 12101 et seq
Brief description of cause:
Employment disability discrimination

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $    CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes   ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: December 8, 2006    SIGNATURE OF ATTORNEY OF RECORD: _[signature]_

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**PURSUANT TO LOCAL RULE 83.11**

1.     Is this a case that has been previously dismissed?     ☐ Yes   ☑ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

2.     Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)     ☐ Yes   ☑ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

Notes :